The decision below is signed as a decision of the court.

Signed: May 21, 2007.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re ) <br> ) <br> JOYCE ANN PARKER, ) <br> ) <br> Debtor. ) <br> _____ ) <br> ) <br> ) <br> JOYCE ANN PARKER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WELLS FARGO HOME MORTGAGE, ) <br> INC., ) <br> ) <br> Defendant. ) | Case No.  05-01021 <br>   (Chapter 13) <br><br><br><br><br><br><br><br><br> Adversary Proceeding <br> No. 06-10038 <br><br> **Not for Publication in** <br> **West's Bankruptcy Reporter** |

MEMORANDUM DECISION
RE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

On April 27, 2006, the plaintiff Parker commenced this adversary proceeding against Wells Fargo Home Mortgage, Inc. ("Wells Fargo"), which held a claim secured by a mortgage (in the form of a deed of trust) against her home.  Among other claims, Parker sought a determination that Wells Fargo was owed less than it was claiming to be owed because it had in the past imposed improper mortgage charges against her.  On November 28, 2006,

Parker sold her home.  Parker filed an amended complaint ("Complaint" or "Compl.") on January 18, 2007, alleging that when she sold her home she paid off the amount that Wells Fargo claimed to be owed, and renewing her allegation that Wells Fargo had claimed more than it was actually owed.  Wells Fargo has filed a motion to dismiss the Complaint on the basis of Federal Rule of Civil Procedure 12(b)(6) and in the alternative seeking summary judgment.  In her opposition to the motion to dismiss, Parker has cross-moved for partial summary judgment.

Wells Fargo correctly notes that Parker improperly included her motion for partial summary judgment as part of her opposition to Wells Fargo's motion to dismiss.  In addition, Parker has attached to her motion various papers which she has not authenticated.  Finally, Local Bankruptcy Rule 7056-1 provides that "[e]ach motion for summary judgment shall be accompanied by a statement of material facts as to which there is no genuine issue, which shall include references to the parts of the record relied on to support the statement."  Although Parker has included a "Statement of Genuine Issues, Undisputed Facts and Omissions" in an apparent attempt to comply with LBR 7056-1, only some of the stated facts are supported with citations to the record as supporting the stated facts.

In order for the court to proceed to address Parker's motion for summary judgment in an orderly fashion, Parker ought to have

complied with LBR 7056-1.  Although many of the basic alleged facts pled by Parker in this adversary proceeding may not be disputed by Wells Fargo,[1] Parker's failure to proceed in the manner required by LBR 7056-1 has hampered the court's efforts to assay which ones are undisputed, and thus to assay whether partial summary judgment would be appropriate.  Wells Fargo's responses to Parker's requests for admission have made clear that it does not agree with some of Parker's allegations.  And until the court is able to ascertain what facts are not in dispute, it cannot turn to the legal issues.

One factual issue is whether Parker failed to keep current on her mortgage (assuming the erroneous tax payment were set aside and required payments were calculated on that basis).  If

---

[1]  The basic alleged facts underlying Parker's complaint are these.  Wells Fargo made a payment of an erroneous tax charge by the District of Columbia in 2002 and as a result increased the escrow payments Parker had to include in her monthly mortgage payments.  By March 2003, Wells Fargo was aware that the tax charge had been in error and sought a refund from the District.  Nevertheless, Wells Fargo referred her account to attorneys to institute foreclosure proceedings on June 21, 2003.  On July 2, 2003, Wells Fargo received a refund of an erroneous tax payment that had been made to the District of Columbia.  Nevertheless, on August 25, 2003, Wells Fargo instituted foreclosure proceedings in which it overstated the amount necessary to cure the mortgage arrears by including the erroneous tax payment to the District as part of the amount that had to be cured.  When Parker sought to enjoin the foreclosure sale, Wells Fargo sought to collect attorney's fees incurred in the injunction litigation.  Wells Fargo later wrongfully asserted that $29,599.10, consisting of "corporate charges" (presumably meaning attorney's fees resulting from foreclosure efforts) was in arrears as part of the pay-off Parker was forced to pay when she sold her home in November 2006.

3

she did not, a legal issue arises whether, until she paid the amount justly owed, Wells Fargo was entitled to proceed with foreclosure.

In addition, I cannot tell what the actual amount of mortgage payments required would have been had the payments made been applied as though no payment of the erroneous D.C. tax bill had occurred.

Finally, the plaintiff's cross-motion for partial summary judgment neglects to discuss in any detail the application to the facts of her different theories of damages (the breach of contract, RESPA, and DCCPPA theories discussed in the decision regarding Wells Fargo's motion to dismiss).

For all of these reasons, the cross-motion for partial summary judgment will be denied. An order follows.

                                               [Signed and dated above.]

Copies to:  All counsel of record.